Oscar Nelson, Auditor of the State of Illinois, v. John B. Colegrove & Company State Bank et al. Margaret Schuessler et al., Intervening Petitioners and Appellants, v. Oscar Nelson, Auditor of the State of Illinois, Appellee.

Gen. No. 8,617.

Opinion filed April 11, 1933.

Hogan & Coale, for appellants.

Oscar J. Putting, for certain appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

In the liquidation suit of Oscar Nelson, Auditor of Public Accounts v. John B. Colegrove & Co. State Bank, claims were filed by Margaret Schuessler of St. Louis, Missouri, John Willey of Taylorville, Illinois, and Minnie Waggoner of Springfield, Illinois. The first two were presented as regular claims indorsed with the prayer that they be declared preferred. The third was presented in the form of an intervening petition with the same prayer. By stipulation of counsel they are all brought here on one appeal. The prayer for preference was denied by the chancellor in each case.

Margaret Schuessler, having $4,000 to invest, requested Harvey E. Gollogher, the cashier of the bank, to invest it for her. He agreed to purchase for her city warrants bearing interest at six per cent, payable semiannually and gave her the following receipt for her money:

"No. ............ May 11, 1927
Received of Margaret Schuessler Four Thousand Dollars for City Warrants 6%—each six months.
$4000.00 Colegrove State Bank
by H. E. Gollogher,
Cashier."

He never sent her the warrants but paid her interest every six months up to and including May 15, 1929. The bank closed its doors October 11, 1929 and the receiver, at the request of Mrs. Schuessler, delivered to her an envelope containing a promissory note dated August 30, 1927 for the principal sum of $4,073 with interest at the rate of six per cent per annum, payable semiannually and signed, "W. H. Fowler by H. E.

Gollogher, agent." On the back of this note were the indorsement of Harvey E. Gollogher and several interest payments. Both Fowler and Gollogher were bankrupt and the said note was worthless. This money was never deposited in the bank by Mrs. Schuessler but was given to it for the specific purpose of buying city warrants for her. It is claimed that the money was placed with the other funds of the bank and used by the bank in its business and therefore its identity had been destroyed. It is the identity of the fund, and not the identity of the money or currency, which is to be established. As stated before, this money never was deposited to the claimant's account in the bank or given to the bank for that purpose but only for the specific purpose of purchasing city warrants and the receipt given for it conclusively impresses it with a trust. It is true that some of the earlier decisions in this State have held otherwise, but it is now firmly established that under such circumstances as appear in this case, the money was given to the bank as a trust fund for a specific purpose and is entitled to a preference over the other creditors. *People ex rel. Nelson v. Bates,* 351 Ill. 439; *Woodhouse v. Crandall,* 197 Ill. 104.

John Willey gave to Gollogher, the cashier, $2,000 for the purchase of a "customer's loan." At the time this transaction took place Willey had that amount on deposit in the bank drawing four per cent interest and he desired to obtain six per cent, and requested Gollogher to invest it for him. Gollogher told him he would sell him a customer's loan. There was no understanding of any kind as to whose note was to be purchased or that Willey himself would be consulted by Gollogher before the purchase was perfected. Gollogher gave the following receipt:

"No. ............                    Sept. 8, 1927
Received of John Willey Two Thousand Dollars

for Customer Loan one year 6% . . . . . . . . . . . . . . . . .
$2000.00         .        John B. Colegrove & Co.
                      State Bank
           H. E. Gollogher, Cashier.''

The bank, through Gollogher, from time to time paid the interest on the amount. After the bank closed, the receiver found an envelope in the name of John Willey in which was a note executed by ''W. H. Fowler, by Harvey E. Gollogher, agent.'' Willey left the whole matter of the purchase of a customer's loan to Gollogher and it appears that Gollogher did what he promised to do and gave Willey the note of one of the customers of the bank. Willey never had possession of the note until after the bank closed and never inquired who the maker was but went to the bank and collected the interest thereon until the bank closed. Under these facts even though the note of Fowler was uncollectible, no claim against the bank can be allowed.

In the case of the petition of Minnie Waggoner, it appears that she was a stockholder in the bank and owned 20 shares thereof, originally worth $3,320. She had on deposit in the bank about $400 and also had $4,000 which she desired the bank to invest for her. Gollogher promised her also that he would invest the money in customers' loans. When the bank closed the receiver found an envelope marked with her name in which were the following receipts:

''No. . . . . . . . . . . .             October 25, 1926
RECEIVED OF         Minnie Wagoner
Two Thousand . . . . . . . . . . . . . . . . . . . . . . . . . . . . DOLLARS
                       100
FOR         Customer Loan One
Year 7%—Secured by B. and L. Stock.
$2000.00
          J. B. Colegrove & Co. S. Bk.
          By Harvey E. Gollogher
              Cashier.''

"No. . . . . . . . . . . .          10–15–1927
RECEIVED OF         Minnie Wagoner
Two Thousand . . . . . . . . . . . . . . . . . . . . . . . . . . .DOLLARS
                     100
For       Customer Loan 1 year at 6%
$2000.00

                  Colegrove State Bk.
                  By H. E. Gollogher"

In the envelope were also the following securities being promissory notes: One executed by Henry Heuser for $200 secured by building and loan stock; one by Harvey Gollogher for $500 secured by building and loan stock; one by J. H. Seiler for $600, unsecured; one by Tina Kelso for $150, unsecured; one by Clyde Potts for $500, unsecured, and one for $2,000 by Harvey E. Gollogher, unsecured. In addition to these was the sum of $205.56 in cash received in payment of a note executed by E. J. Tomlin and interest thereon. At her request this envelope with the contents therein above mentioned was delivered to her. She immediately commenced to collect these various notes and at the time of the hearing she had collected nearly $2,000 but had collected nothing on the unsecured Gollogher note. In this case as in the Willey case, she left the whole matter of the investment of her $4,000 to Gollogher and all he promised to do was to invest it in customer's loans which he apparently did. She accepted these notes from the receiver and collected nearly half of the total amount due. The fact that one of the notes was uncollectible would not impress the whole transaction with a trust or even a general claim against the bank, as we do not understand the law to be that if a person asks a bank to invest his money in the purchase of securities and the bank does so in accordance with the request, the mere fact that one or more of the securities may have become uncollectible when the bank became insolvent, would es-

tablish a claim against the bank, either general or preferred.

The order of the court denied a preference in regard to the claim of Margaret Schuessler. In this we think the court erred and the decree in regard to her claim is reversed and remanded with directions to allow it as a preferred claim.

The decree does not find that the claims of John Willey and Minnie Waggoner were allowed as general claims against the bank but simply that they were not entitled to preference. It should have gone farther and found that neither of them were general or preferred claims against the bank. For the reasons stated the decree in so far as it relates to the claims of John Willey and Minnie Waggoner is reversed and remanded as to each of them with directions to find that neither claim is general nor preferred and to dismiss the same.

*Reversed and remanded with directions.*